# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAMAR PORTER,<br><br>                     Plaintiff,<br><br>     v.<br><br>GIAN HERNANDEZ,<br><br>                     Defendant. | Case No.: 2:20-CV-01380-FWS-JEM<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTATE JUDGE [73]** |

## I. Introduction and Relevant Procedural History

Before the Court is the Magistrate Judge's Report and Recommendation issued on September 29, 2022 (the "Report and Recommendation"), (Dkt. 73), regarding the Motion for Summary Judgment filed by Plaintiff Kevin Lamar Porter ("Plaintiff"), (Dkt. 49), and the Motion for Summary Judgment filed by Defendant Gian Hernandez, M.D. ("Defendant Hernandez"), (Dkt. 61). Based on the state of the record, as applied to the applicable law, the Court adopts the Report and Recommendation, including each of the findings of fact and conclusions of law therein.

On February 11, 2020, Plaintiff filed a complaint alleging causes of action against multiple defendants, including Defendant Miriam Ha, P.A. (Physician's Assistant) and Defendant Hernandez (collectively, "Defendants"). (Dkt. 1.) On June 17, 2020, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "MTD"). (Dkt. 11.) On July 31, 2020, Plaintiff filed an Opposition to the MTD. (Dkt. 15.) On August 13, 2020, Defendants filed a Reply in support of the MTD. (Dkt. 16.)

On December 4, 2020, the Magistrate Judge issued a Report and Recommendation regarding the MTD (the "MTD Report and Recommendation".) (Dkt. 17.) On January 22, 2021, the District Judge accepted the findings and recommendations in the MTD Report and Recommendation. (Dkt. 24.) In accepting the MTD Report and Recommendation, the District Court included the following orders:

> (a) the motion to dismiss the Eight Amendment claim against Defendant Hernandez in his individual capacity is denied; (b) the motion to dismiss the ADA claim against Defendant Hernandez in his official capacity is denied; (c) the ADA claims against Defendants in their individual capacities are dismissed without leave to amend; and (d) all other claims are dismissed with leave to amend.

> . . . Plaintiff is granted leave to a file a First Amended Complaint consistent with the Report and Recommendation within thirty (30) days of this Order.
>
> If Plaintiff decides not to file a First Amended Complaint, the action will proceed on the Eighth Amendment claim against Defendant Hernandez in his individual capacity and the ADA claim against Defendant Hernandez in his official capacity.

(Dkt. 24 at 1-2.)

After being granted two extensions of time to file a First Amended Complaint, (*see* Dkts. 32, 36, 37), Plaintiff ultimately did not file a First Amended Complaint. (*See generally* Dkt.) As a result, consistent with the District Judge's previous order, (Dkt. 24), the Magistrate Judge ordered that the "action will proceed on the Eighth Amendment claim against Defendant Hernandez in his individual capacity and the ADA claim against Defendant Hernandez in his official capacity." (Dkt. 37.)

On January 10, 2022, Plaintiff filed a Motion for Summary Judgment and a Supplement to the Motion for Summary Judgment. (Dkt. 49). On April 8, 2022, Defendant Hernandez filed a Motion for Summary Judgment. (Dkt. 60.)

On September 29, 2022, the Magistrate Judge issued the Report and Recommendation regarding the Motions for Summary Judgment filed by Plaintiff and Defendant Hernandez. (Dkt. 73.) The Magistrate Judge ordered that any objections to the Report and Recommendation be filed by October 20, 2022. (Dkt. 74.) On October 11, 2022, Defendant Hernandez filed objections to the Report and Recommendation ("Defendant Hernandez's Objections"). (Dkt. 75.) On October 21, 2022, Plaintiff filed objections to the Report and Recommendation ("Plaintiff's Objections"). (Dkt. 76.)

/ / /

## II. Analysis

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." *Chith v. Haynes*, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

In the Report and Recommendation, in summary, the Magistrate Judge's recommendation includes: (1) "denying Plaintiff's motion for summary judgment in its entirety;" (2) "granting Defendant's motion for summary judgment as to the Eighth Amendment claim;" and (3) "denying Defendant's motion for summary judgment as to the ADA claim." (Dkt. 73 at 17.) In Plaintiff's Objections, Plaintiff contests the factual findings in the Report and Recommendation and argues there are "a lot of

material facts that were left out of the Magistrate Judge's Report and Recommendation . . . ." (Dkt. 76 at 6.) More specifically, Plaintiff argues:

> The material facts that were "determined by the court upon a full review of the record, to be undisputed by competent evidence" did not reveal several materials [sic] facts (facts) that the Plaintiff presented in his "Statement of Undisputed Facts," and in his "Memorandum of Points and Authorities in support of Plaintiff's Motion for Summary Judgment;" the facts that were left out happens [sic] to be facts that support Plaintiff's Eighth Amendment Claim, and his ADA claim, claims that the Magistrate Judge denied entirely.

(*Id*. at 1-2.)

In Defendant Hernandez's Objections, Defendant Hernandez objects "only to the portion of the R&R recommending denial of defendant's summary judgment motion on the ADA claim." (Dkt. 75 at 2.) More specifically, Defendant Hernandez's Objections are as follows: (1) "The conclusion in the R&R that defendant is not entitled to summary judgment even if he did not commit an ADA violation because he is sued in his official capacity, is contrary to law;" and (2) "Since the R&R recommends granting summary judgment on plaintiff's Eighth Amendment deliberate indifference claim, summary judgment should likewise be granted on the ADA claim." (Dkt. 75 at 2, 5.)

In this case, after conducting a *de novo* review of the issues presented in Plaintiff's Objections and Defendant Hernandez's Objections (collectively, the "Parties' Objections") on their respective merits with regard to the Report and Recommendation, the Court agrees with each of the findings of fact and conclusions of law set forth in the Report and Recommendation, including the findings of facts and conclusions of law related to the Parties' Objections. Accordingly, the Parties' Objections are **OVERRULED** on their merits.

In conclusion, pursuant to 28 U.S.C. § 636, the Court has reviewed the record, including the Report and Recommendation, the Motions for Summary Judgment

submitted by Plaintiff and Defendant, and the Parties' Objections, and the other records of the case. After conducting a *de novo* determination of the portions of the Report and Recommendation to which the Parties' Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

### III.   Conclusion

Based on the state of the record, as applied to the applicable law, the Court adopts the Report and Recommendation, including each of the findings of fact and conclusions of law therein. Accordingly, the Court **ORDERS** the following:

(1) Plaintiff's Motion for Summary Judgment is **DENIED**;

(2) Defendant's Motion for Summary Judgment is **GRANTED** as to the Eighth Amendment claim; and

(3) Defendant's Motion for Summary Judgment is **DENIED** as to the ADA claim.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 6, 2023

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE